IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JEFFREY H.[1],

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 2:18-cv-00065-SU

**OPINION AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Jeffrey H. brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff Supplemental Security

---

[1] In the interest of privacy, the Court uses only the first name and last initial of non-governmental parties and their immediate family members.

Page 1 – OPINION AND ORDER

Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II and XVI of the Act. 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* On April 3, 2019, the Court issued plaintiff an Order to Show Cause why it should not dismiss this action for plaintiff's failure to prosecute and to comply with the Court's Scheduling Order. (Docket No. 20). Plaintiff did not respond to the Order to Show Cause by the May 3, 2019, deadline.

For the following reasons, the Court DISMISSES this action, without prejudice, for plaintiff's failure to prosecute or to comply with the Court's Orders.

## BACKGROUND

Plaintiff filed his initial Complaint in the U.S. District Court for the District of Idaho on July 27, 2017, at that time represented by counsel. (Docket No. 1). On January 9, 2018, this matter was transferred to this District Court. (Docket Nos. 12, 13). The Commissioner filed her Answer and the Transcript of Record on January 26, 2018. (Docket Nos. 15, 16). Plaintiff's opening brief was due March 27, 2018, but he has not filed one. *Id.* On November 20, 2018, plaintiff's counsel moved to withdraw (Docket Nos. 17, 18), which the Court granted on January 18, 2019, ordering plaintiff to file a status report within thirty days (Docket No. 19). Plaintiff failed to file a status report. On April 3, 2019, the Court issued plaintiff an Order to Show Cause why it should not dismiss this case for failure to prosecute and to comply with the Court's January 18, 2019, Scheduling Order. (Docket No. 20). The Court gave plaintiff a deadline to respond of May 3, 2019. The Court advised, "If no response is filed, the case will be dismissed without prejudice." *Id.* Plaintiff failed to respond to the Order to Show Cause. Plaintiff has

taken no action in this case since the Motion to Withdraw of November 20, 2018. (Docket Nos. 17, 18).[2]

## LEGAL STANDARD

Federal courts possess the undisputed authority to control their dockets and dismiss a case that a plaintiff fails to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Fed. R. Civ. P. Rule 41(b) allows for dismissal of an action for failure to prosecute. A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. *See Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). "[D]ismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Gierloff v. Ocwen*, No. 6:15-cv-01311-MC, 2017 WL 815118, at *1 (D. Or. Mar. 1, 2017) (quotation omitted).

In determining whether to dismiss for failure to prosecute or comply with a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## ANALYSIS

Plaintiff commenced this action almost two years ago. Plaintiff appears to have taken no action in this matter in over seven months. Plaintiff failed to respond to the Court's Scheduling Order and Order to Show Cause. This failure to prosecute and to comply with the Court's Orders are sufficient grounds to dismiss this action. *See Townsel v. Contra Costa Cty., Cal.*, 820

---

[2] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 8).

F.2d 319, 321 (9th Cir. 1987); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); Fed. R. Civ. P. Rule 41(b).

The five-factor test also strongly favors dismissal:

1. Expeditious resolution: "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has taken no action in over seven months, and did not respond to the Order to Show Cause. This favors dismissal.

2. Docket management: "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" plaintiff. *Pagtalunan*, 291 F.3d at 642. Plaintiff has not complied with the applicable scheduling rules or the Court's Order to Show Cause. This favors dismissal.

3. Prejudice to defendants: Plaintiff has "offered no clear explanations of what actions he . . . took during the relevant time period[]." *Pagtalunan*, 291 F.3d at 643. Plaintiff's "delay was unreasonable, and this factor weighs in favor of dismissal." *Id.*

4. Less drastic alternatives: The Court has already employed the less drastic alternative of issuing an Order to Show Cause. Plaintiff failed to take advantage of this alternative. The Court is left with the course of dismissing the action, which it warned of in its Order. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). This favors dismissal.

5. Disposition on the merits: "Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only weakly, because plaintiff's failure to prosecute or to respond to the Court's Orders severely impairs

disposition on the merits, *see United States* ex rel. *Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053-54 (D. Or. 2011).

Four factors favor dismissal, and one weighs against, but only weakly. The fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). The five-factor test thus strongly favors dismissing this action.

## CONCLUSION

For these reasons, the Court DISMISSES this action, without prejudice, for plaintiff's failure to prosecute or to comply with the Court's Orders.

IT IS SO ORDERED.

DATED this 3rd day of July, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge